UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC KING,

               Plaintiff,

                                        Case No. 12-15418
v.                                     Honorable David M. Lawson

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS,

               Defendant.

_____/

## ORDER OF DISMISSAL

On February 15, 2011, the plaintiff filed a complaint against Ferrous Processing and Trading Company. Two days later, the plaintiff filed a complaint against defendant the International Brotherhood of Teamsters, which was consolidated with the plaintiff's earlier complaint. The plaintiff's complaints raised claims of employment discrimination on the basis of race, color, and age, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, and of unfair representation. The case was referred to Magistrate Judge Michael J. Hluchaniuk, and on August 16, 2012, the magistrate judge issued a report and recommendation recommending that the Court grant the defendants' motions to dismiss, considered as motions for summary judgment, and dismiss the plaintiff's complaint with prejudice. When no objections were filed, the Court entered an order adopting the magistrate judge's report and recommendation and dismissing the plaintiff's complaint with prejudice on September 6, 2012. The plaintiff filed a motion seeking to file late objections to the report and recommendation more than two months later, on November 9, 2012. The Court denied the motion for lack of good cause shown.

On December 10, 2012, the plaintiff filed the present complaint against the International

Brotherhood of Teamsters, along with applications to proceed *in forma pauperis* and for

appointment of counsel.  The complaint is brief, reading in its entirety:

> Cause of action — a hybrid § 301 breach of collective bargaining agreement/fair
> representation claim, cause [sic] by the International Brotherhood of Teamsters, for
> not representing, the plaintiff in his grievance process, under the Fair Labor Standard
> Act, Demand $300,000 or a jury demand.

Compl. at 1.  The plaintiff requested and was granted permission to proceed *in forma pauperis*.

When a plaintiff asks the court to waive fees and costs because he cannot afford to pay them, the

court has an obligation to screen the case for merit and dismiss the case if it "(i) is frivolous or

malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  A complaint is

frivolous if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989);

*see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "A complaint lacks an arguable basis in law

or fact if it . . . is based on legal theories that are indisputably meritless."  *Brown v. Bargery*, 207

F.3d 863, 866 (6th Cir. 2000) (citing *Neitzke*, 490 U.S. at 327-28).

Although a *pro se* litigant's complaint is to be construed liberally, *Erickson v. Pardus*, 551

U.S. 89, 94 (2007), such complaints still must plead facts sufficient to show a redressable legal

wrong has been committed.  Fed. R. Civ. P. 12(b)(6); *Dekoven v. Bell*, 140 F. Supp. 2d 748, 755

(E.D. Mich. 2001).  "The leniency granted to *pro se* [litigants] . . . is not boundless."  *Martin v.

Overton*, 391 F.3d 710, 714 (6th Cir. 2004).  The screening mandated by Congress in section

1915(e)(2) includes the obligation to dismiss civil complaints filed by prospective *pro se* filers if

they "fail to state a claim upon which relief may be granted."  *See* 28 U.S.C. § 1915(e)(2)(B)(ii);

*McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones*

*v. Bock*, 549 U.S. 199 (2007). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *Sua sponte* dismissal is appropriate if the complaint lacks an arguable basis when filed. *Goodell v. Anthony*, 157 F. Supp. 2d 796, 799 (E.D. Mich. 2001). "[A] district court may invoke the doctrine of res judicata in the interests of, inter alia, the promotion of judicial economy." *Halloway Constr. Co. v United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989).

On January 23, 2013, the Court ordered the plaintiff to show cause why his complaint should not be dismissed as barred on *res judicata* grounds and therefore frivolous. The plaintiff responded to the order to show cause on February 15, 2013. In his response, the plaintiff indicates that he was in the Macomb County Jail when the report and recommendation in the earlier case was sent to him at his home address, and therefore was unable to file timely objections to the report and recommendation. The plaintiff also states that he is able to pay the fees in this case; however, the plaintiff appears nevertheless to wish to proceed *in forma pauperis*. Finally, the plaintiff argues that his complaint has a reasonable probability of success. The plaintiff does not address the *res judicata* question in his response.

As discussed above, the plaintiff previously has filed a civil action against the defendant in this case. Under the *res judicata* or claim preclusion doctrine, a claim is barred by prior litigation if the following elements are present: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their 'privies'; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Bittinger v. Tecumseh Prods. Co.*, 123 F.3d 877, 880 (6th Cir. 1997). The claim preclusion rule "precludes not only relitigating a claim previously

-3-

adjudicated; it also precludes litigating a claim or defense that should have been raised, but was not, in the prior suit." *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). In this case, all four elements are present. The plaintiff's prior claim for unfair representation against the defendant was dismissed by the court on the merits because it was barred by the statute of limitations. The defendant in the present case was also named as a defendant in the plaintiff's prior case. Although the plaintiff's present complaint is short, it appears to raise only an unfair representation claim against the defendant, which was the subject of the plaintiff's earlier action against the defendant. *See Butts v. Wilkinson*, 145 F.3d 1330 (6th Cir. 1998) (table) (upholding dismissal of prisoner civil rights complaint pursuant to 28 U.S.C. § 1915A based upon *res judicata* doctrine); *accord McWilliams v. Colorado*, 121 F.3d 573, 574-75 (10th Cir. 1997) (repetitious litigation of virtually identical causes of action may be dismissed under 28 U.S.C. § 1915(e) as frivolous or malicious).

The plaintiff's response to the Court's order to show cause does not provide any grounds upon which this Court could conclude that the plaintiff's claim is not barred by *res judicata*. The Court is sympathetic to the plaintiff's argument that he was unable to file timely objections to the report and recommendation in the previous case. However, the Court found in that case that the plaintiff's unfair representation claim was barred by the statute of limitations, and nothing in the plaintiff's proposed objections or response to the order to show cause order suggests that that finding was in error. Because the plaintiff's unfair representation claim is barred by *res judicata*, the Court finds that the plaintiff's complaint is frivolous and must be dismissed.

Accordingly, it is **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 27, 2013

<div style="border: 2px solid black; background: #cccccc;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 27, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>